# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARL M KNISLEY-DESMOND,

    Plaintiff,

v.                                          Case No. 8:24-cv-1081-JLB-NHA

RIVERSIDE RECOVERY OF TAMPA, LLC,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Carl M. Knisley-Desmond, who is not represented by an attorney, filed an action against Defendant Riverside Recovery of Tampa, LLC, alleging Defendant used Florida's Baker Act to detain Plaintiff in violation of his civil rights. Am. Compl. (Doc. 2). When Plaintiff filed his lawsuit in May, he neither paid the filing fee nor provided the information the Court needed to determine whether he was eligible to proceed without prepaying the fee. *Id.* He was ordered to either pay the filing fee or provide the necessary information by June 9, 2024. Doc. 7. He was warned that, if he failed to comply, this action could be dismissed without further notice. *Id.* Plaintiff failed to comply, timely or otherwise. I recommend the District Court dismiss the action without prejudice.

A court may authorize suit "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." 28 U.S.C. § 1915. "There is no absolute right to be allowed to proceed [without pre-paying fees] in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). A person seeking to sue without payment must show that he, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Here, Plaintiff has failed to pay the filing fee. And, he has failed to complete an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" that lists his income, assets, and expenses. *See* Doc. 7 (directing Plaintiff to complete this form). Thus, the Court cannot determine whether Plaintiff can afford the filing fee and cannot authorize his lawsuit to move forward without payment.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action when a plaintiff fails to prosecute it or fails to abide by a court order, after giving notice to the plaintiff that it intends to do so. Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v.*

*Tallahasse Police Dep't*, 205 Fed. App'x. 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Here, the Court's prior order warned that Plaintiff's failure to pay the filing fee or complete a financial affidavit by June 9, 2024 could result in dismissal of the case. Doc. 7. Plaintiff failed to pay the filing fee or complete the financial affidavit, timely or otherwise. Given that Plaintiff has failed to prosecute his case and failed to abide by the Court's Order (Doc. 7), dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

For these reasons, I RECOMMEND Plaintiff's Amended Complaint (Doc. 2) be dismissed without prejudice and the Clerk be directed to terminate any pending motions, and close the case.

SUBMITTED to the District Court on July 10, 2024.

*/s/ Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

3

from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.